PER CURIAM.
We have for consideration the biennial report of proposed rule changes filed by The Florida Bar’s Family Law Rules Committee (Rules Committee), in accordance with Florida Rule of Judicial Administration 2.130(c)(4). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The Rules Committee proposes amendments to Florida Family Law Rules of Procedure 12.200, Case Management and Pretrial Conferences; 12.280, General Provisions Governing Discovery; 12.285, Mandatory Disclosure; 12.340, Interrogatories to Parties; 12.380, Failure to Make Discovery; Sanctions; 12.400, Confidentiality of Records and Proceedings; 12.490, General Masters; 12.491, Child Support Enforcement; 12.610, Injunctions for Domestic and Repeat Violence; 12.615, Civil Contempt in Support Matters; and 12.750, Family Self-Help Programs. Further, the Rules Committee proposes amendments to forms 12.902(b), Family Law Financial Affidavit (Short Form); 12.902(c), Family Law Financial Affidavit; 12.930(a), Notice of Service of Standard Family Law Interrogatories; 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings; 12.930(c), Standard Family Law Interrogatories for Modification Proceedings; and 12.932, Certificate of Compliance with Mandatory Disclosure. In accordance with Florida Rule of Judicial Administration 2.130(c)(2), the Rules Committee submitted its proposals to the Board of Governors of The Florida Bar and published the proposals for comment. The Board of Governors unanimously approved the pro *304 posed changes. This Court published the proposals for comment. No comments were received.
ANALYSIS
After considering the proposed amendments and hearing oral argument, we adopt the Rules Committee’s amendments as proposed, with the exception of rule 12.400, Confidentiality of Records and Proceedings, for which we adopt a modified version. Rather than describing each amendment, we focus on the more significant amendments.
We adopt the Rules Committee’s proposal to amend rule 12.610, Injunctions for Domestic and Repeat Violence, to add references to the newly created cause of action for “dating violence,” in conformity with the 2002 amendments to sections 784.046-784.048, Florida Statutes. See ch. 2002-55, §§ 21-23, Laws of Fla. We further amend subdivisions (b)(1)(A) and (b)(1)(B) of rule 12.610 to remove the specific requirements for issuance of an injunction, replacing them with the phrase “as provided by law.” This amendment will obviate the need to amend the rule each time the statute is amended. Finally, we create subdivision (b)(1)(C), which references injunctions for protection against dating violence. We also amend the following rules to add references to dating violence: 12.200, Case Management and Pretrial Conferences; 12.285, Mandatory Disclosure; 12.490, General Masters; and 12.750, Family Self-Help Programs.
We amend subdivision (i) of rule 12.285, Mandatory Disclosure, to add a sentence stating that only the financial affidavit and the child support guidelines worksheet shall be filed with the court without a court order. Rule 12.285 as currently written makes clear what information must be exchanged between the parties in order to promote the orderly resolution of domestic relations cases and also provides for mandatory disclosure of specified documents. Specifically, rule 12.285(b)(1) provides that these documents “shall be served on the other party for inspection and copying.” In prior amendments to this rule we attempted to “eliminate as much complexity as possible” and “altered the mandatory disclosure requirements by requiring less mandatory disclosure in cases involving smaller amounts of income.” In re Family Law Rules of Procedure, 663 So.2d 1047, 1048 (Fla.1995). However, despite our attempt to eliminate complexity, and in particular because of the large number of unrepresented litigants, confusion has arisen as to whether the documents required to be produced for the other party should also be filed with the court.
Rule 12.285® currently explains that a certificate of compliance shall be filed with the court, “identifying with particularity the documents which have been delivered.” The amendment to rale 12.285 will make it clear that only financial affidavits and the child support guidelines worksheet shall be filed with the court. This amendment serves several purposes. First, it clarifies for all litigants that most of the mandatory disclosure documents, liké other discovery specified in the Florida Rules of Civil Procedure, are to be exchanged between the parties but not filed with the court without a court order. See, e.g., Fla. R. Civ. P. 1.310(f)(3) (limiting filing of depositions); 1.340(e) (limiting filing of interrogatories); 1.350(d) (limiting filing of documents). In this way, the amendment limits the volume of documents in the court file.
Second, and importantly, the amendment prevents a party from filing certain documents with the court that are unnecessary to the judicial resolution of the case, but that may contain sensitive information. Third, by excluding documents *305 such as income tax returns and wage statements that contain social security numbers from the court file, it limits the possibility of identity theft, a crime that is on the rise. Thus, we agree with the Rules Committee that amending the rule to expressly state that only the financial affidavit and the child support guidelines worksheet shall be filed with the court without a court order will serve multiple important goals.
We also note that this recommendation is in accordance with the Legislature’s Study Committee on Public Records,[1] which issued a report on February 15, 2003. The Study Committee’s report, titled “Examination of the Effects of Advanced Technologies on Privacy and Public Access to Court Records and Official Records,” contained several recommendations. Its first recommendation requested that this Court
reexamine Fam. L.R.P. 12.285 to minimize the collection and filing of unnecessary personal and identifying information, but to allow for exchange of meaningful substantive information between the parties and, if necessary, access to the court.
The proposed amendment to rule 12.285 fully complies with this recommendation as well as our prior opinion in which we eliminated the use of social security numbers in many forms filed with the court.[2] Accordingly, we adopt the Rules Committee’s proposed amendment to rule 12.285.
The Rules Committee also proposes amending rule 12.400, Confidentiality of Records and Proceedings, to permit the sealing of the financial information in a family law case file. The Rules Committee states that on several occasions it has unsuccessfully asked this Court to approve rales regarding the sealing of financial information. However, in Amendments to Florida Family Law Rules of Procedure, 723 So.2d 208, 210 (Fla.1998) (“Amendments ”), this Court offered a procedure called “conditional sealing” that would meet the requirement for public access to judicial records as set forth in Florida Rule of Judicial Administration 2.051. The Court stated;
Under the Family Law Rules, the sealing of records is governed by rule 2.051. Under that rale, a court is permitted to seal any court record where, among other things, confidentiality is required to protect trade secrets, to avoid substantial injury to innocent third parties, or to avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed. Under the rule, it is within the discretion of the trial judge to seal financial records in family law proceedings if the trial judge finds it necessary to do so because it has been shown that third parties are likely to use this information in an abusive manner.
For instance, if it is likely that access to the financial information would subject a party to abuse such as the use of the information by third parties for purposes unrelated to government or judicial accountability or to first amendment rights, then a trial judge has the authority to seal the financial information. In doing so, however, the order sealing the records should be conditional in that the *306 financial information should be disclosed to any person who establishes that disclosure of the information is necessary for government or judicial accountability or has a proper first amendment right to the information.
Id. In light of this Court’s statement, the Rules Committee proposes amending rule 12.400 to add subdivision (c) to provide for conditional sealing of the financial information. Because the Court in Amendments did not address the type of notice required by Florida Rule of Judicial Administration 2.051(c)(9)(D) for a conditional sealing, the Rules Committee proposes that notice be afforded by filing the order conditionally sealing the financial information in the court file, and posting the order sealing the financial information on the bulletin board or front door of the courthouse for a period of fifteen days following rendition of the order. Under the proposed amendment, the procedure for handling a request to reopen a file that has been conditionally sealed would involve filing a motion to reopen the records, providing notice to the parties, and conducting a hearing to determine if the motion should be granted.
We agree with the Rules Committee that a rule permitting the conditional sealing of the financial information in a family law court file is desirable to protect family law litigants from abuse, such as the use of the financial information by individuals for purposes unrelated to government or judicial accountability, or first amendment rights. Therefore, we adopt the Rules Committee’s proposal to create new subdivision (c) permitting conditional sealing. However, we amend the Rules Committee’s proposal in three ways.
First, we divide new subdivision (c) into three sections. The first section describes when conditional sealing is appropriate. The second section describes how notice of the conditional sealing should be given. The third section explains how an individual may move to reopen conditionally sealed information.
With respect to the notice requirement, rather than having the order sealing the financial information posted on the bulletin board or front door of the courthouse for a period of fifteen days, we amend the rule to state that notice of the sealing shall be as required by Florida Rule of Judicial Administration 2.051(c)(9)(D). Rule 2.051(c)(9)(D) provides that “except as provided by law or rule of court, reasonable notice shall be given to the public of any order closing any court record.”
Finally, we add further commentary to rule 12.400 to state that the adoption of a procedure for the conditional sealing of financial information does not change the burden of proof established by this Court in Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113, 118 (Fla.1988), wherein we stated “[t]he burden of proof ... shall always be on the party seeking closure.” Our reasons for placing the burden on the party seeking closure and maintaining closure remains the same today as it did when we issued Barron in 1988; that is, the strong presumption of openness of court proceedings, and the fact that those challenging the closure order will generally have little or no knowledge of the specific grounds requiring closure. See id. at 118-19. We believe that this modified conditional sealing procedure strikes the proper balance between safeguarding the public’s right to view filed records of court proceedings and protecting the personal and financial information of family law litigants.
Accordingly, we amend the Florida Family Law Rules of Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The commentary is offered *307 for explanation only and is not adopted as an official part of the rules. The forms are adopted as set forth in.the appendix to this opinion, fully engrossed, effective for immediate use. Further, the amendments to the following rules shall become effective immediately because they reference the cause of action for dating violence: 12.200, Case Management and Pretrial Conferences; 12.285, Mandatory Disclosure; 12.490, General Masters; 12.610, Injunctions for Domestic and Repeat Violence; and 12.750, Family Self Help Programs. The remainder of the amendments shall become effective January 1, 2004, at 12:01 a.m.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
Appendix
RULE 12.200. CASE MANAGEMENT AND PRETRIAL CONFERENCES
(a) Case Management Conference.
(1)Family Law Proceedings, Generally. A case management conference may be ordered by the court at any time on the court’s initiative. A party may request a case management conference 30 days after service of a petition or complaint. At such a conference the court may:
(A) schedule or reschedule the service of motions, pleadings, and other papers;
(B) set or reset the time of trials, subject to.rule 12.440;
(C) coordinate the progress of the action if complex litigation factors are present;
(D) limit, schedule, order, or expedite discovery;
(E) schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;
(F) schedule or hear motions related to admission or exclusion of evidence;
(G) pursue the possibilities of settlement;
(H) require filing of preliminary stipulations if issues can be narrowed;
(I) refer issues to a master for findings of fact, if consent is obtained as provided in rules 12.490 and 12.492 and if no significant history of domestic, or repeat, or dating violence that would compromise the process is involved in the case;
(J) refer the parties to mediation if no significant history of domestic, or repeat, or dating violence that would compromise the mediation process is involved in the case and consider allocation of expenses related to the referral; or refer the parties to counseling if no significant history of domestic, or repeat, or dating violence that would compromise the process is involved in the case and consider allocation of expenses related to the referral;
(K) coordinate voluntary binding arbitration consistent with Florida law if no significant history of domestic, or repeat, or dating violence that would compromise the process is involved in the case;
(L) appoint court experts and allocate the expenses for the appointments;
(M) refer the cause for a home study or psychological evaluation and allocate the initial expense for that study;
(N) appoint an attorney or guardian ad litem for a minor child or children if required and allocate the expense of the appointment; and
(O) schedule other conferences or determine other matters that may aid in the disposition of the action.
*308 (2) Adoption Proceedings. A case management conference shall be ordered by the court within 60 days of the filing of a petition when
(A) there is a request for a waiver of consent to a termination of parental rights of any person required to consent by section 63.062, Florida Statutes;
(B) notice of the hearing on the petition to terminate parental rights pending adoption is not being afforded a person whose consent is required but who has not consented;
(C) there is an objection to venue, which was made after the waiver of venue was signed;
(D) an intermediary, attorney, or agency is seeking fees, costs, or other expenses in excess of those provided under sections 63.097 or 63.212(5), Florida Statutes;
(E) an affidavit of diligent search and inquiry is filed in lieu of personal service under section 63.088(4), Florida Statutes; or
(F) the court is otherwise aware that any person having standing objects to the termination of parental rights pending adoption.
(b) Pretrial Conference. After the action is at issue the court itself may or shall on the timely motion of any party require the parties to appear for a conference to consider and determine:
(1) proposed stipulations and the simplification of the issues;
(2) the necessity or desirability of amendments to the pleadings;
(3) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
(4) the limitation of the number of expert witnesses; and
(5)any matters permitted under subdivision (a) of this rule.
(c) Notice. Reasonable notice shall be given for a ease management conference, and 20 days’ notice shall be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the court requires for any conference shall be specified in the order. Orders setting pretrial conferences shall be uniform throughout the territorial jurisdiction of the court.
(d) Case Management and Pretrial Order. The court shall make an order reciting the action taken at a conference and any stipulations made. The order shall control the subsequent course of the action unless modified to prevent injustice.
Commentary
1995 Adoption. This rule addresses issues raised by decisions such as Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987), regarding the cost of marital litigation. This rule provides an orderly method for the just, speedy, and inexpensive determination of issues and promotes amicable resolution of disputes.
This rule replaces and substantially expands Florida Rule of Civil Procedure 1.200 as it pertained to family law matters. Under this rule, a court may convene a case management conference at any time and a party may request a case management conference 30 days after service of a petition or complaint. The court may consider the following additional items at the conference: motions related to admission or exclusion of evidence, referral of issues to a master if consent is obtained pursuant to the rules, referral of the parties to mediation, referral of the parties to coun *309 seling, coordination of voluntary binding arbitration, appointment of court experts, referral of the cause for a home study psychological evaluation, and appointment of an attorney or guardian ad litem for a minor child.
Committee Note
1997 Amendment. In In re Adoption of Baby E.A.W., 658 So.2d 961 (Fla.1995), and other cases involving protracted adoption litigation, it becomes clear that the earlier the issue of notice is decided by the court, the earlier the balance of the issues can be litigated. Because both parents’ constitutional standing and guarantees of due process require notice and an opportunity to be heard, this rule amendment will help solve the problems of adoption litigation lasting until a child’s third, fourth, or even fifth birthday. Furthermore, this rule will encourage both parents to be more candid with intermediaries and attorneys involved in the adoption process.
In E.A.W., 658 So.2d at 979, Justice Kogan, concurring in part and dissenting in part, stated: “I personally urge the Family Law Rules Committee ... to study possible methods of expediting review of disputes between biological and adoptive parents.” This rule expedites resolution of preliminary matters concerning due process in difficult adoption disputes. This rule also mandates early consideration of the child’s rights to due process at early stages of adoption litigation.
Noncompliance with subdivision (a)(2) of this rule shall not invalidate an otherwise valid adoption.
RULE 12.280. GENERAL PROVISIONS GOVERNING DISCOVERY
Florida Rule of Civil Procedure 1.280 shall govern general provisions concerning discovery in family law matters with the following exceptions:
(a) Supplementing of Responses. A party is under a duty to amend a prior response or disclosure if the party:
(1) obtains information or otherwise determines that the prior response or disclosure was incorrect when made; or
(2) obtains information or otherwise determines that the prior response or disclosure, although correct when made, is no longer materially true or complete.
(b) Time for Serving Supplemental Responses. Any supplemental response served pursuant to this rule shall be served as soon as possible after discovery of the incorrect information or change, but in no case shall the supplemental response be served later than 24 hours before any applicable hearing absent a showing of good cause.
(c) Documents Considered Confidential. A determination as to the confidentiality of a court record shall be made in accordance with Florida Rule of Judicial Administration 2.051.
(d) Sealing of Records. Records found to be confidential under Florida Rule of Judicial Administration 2.051 shall be sealed on request of a party.
Commentary
1995 Adoption. Florida Rule of Civil Procedure 1.280 is to govern the general discovery provisions in family law matters with the exceptions set forth above. Subdivision (a) of this rule alters rule 1.280(e) by placing a duty on parties in family law matters to supplement responses. Under rule 1.280(e), no supplemental response is required. Subdivisions (b), (c), and (d) of this rule are in addition to the general requirements of rale 1.280 and have no counterparts in the Rules of Civil Procedure. Subdivisions (c) and (d) have been implemented in recognition of the fact that family law cases often involve sensitive information that should be deemed confi *310 dential under Florida Rule of Judicial Administration 2.051. For instance, financial records filed may contain information regarding a family business, which, if public, could provide competitors with an advantage and adversely affect the family business.
RULE 12.285. MANDATORY DISCLOSURE
(a) Application.
(1) Scope. This rule shall apply to all proceedings within the scope of these rules except proceedings involving adoption, simplified dissolution, enforcement, contempt, injunctions for domestic, or repeat, or dating violence, and uncontested disso-lutions when the respondent is served by publication and does not file an answer. Additionally, no financial affidavit or other documents shall be required under this rule from a party seeking attorneys’ fees, suit money, or costs, if the basis for the request is solely under section 57.105, Florida Statutes, or any successor statute. Except for the provisions as to financial affidavits and child support guidelines worksheets, any portion of this rule may be modified by order of the court or agreement of the parties.
(2) Original and Duplicate Copies. Unless otherwise agreed by the parties or ordered by the court, copies of documents required under this rule may be produced in lieu of originals. Originals, when available, shall be produced for inspection upon request. Parties shall not be required to serve duplicates of documents previously served.
(b) Time for Production of Documents.
(1) Temporary Financial Hearings. Any document required under this rule in any temporary financial relief proceeding shall be served on the other party for inspection and copying as follows.
(A) The party seeking relief shall serve the required documents on the other party with the notice of temporary financial hearing, unless the documents have been served under subdivision (b)(2) of this rule.
(B) The responding party shall serve the required documents on the party seeking relief on or before 5:00 p.m., 2 business days before the day of the temporary financial hearing if served by delivery or 7 days before the day of the temporary financial hearing if served by mail, unless the documents have been received previously by the party seeking relief under subdivision (b)(2) of this rule. A responding party shall be given no less than 12 days to serve the documents required under this rule, unless otherwise ordered by the court. If the 45-day period for exchange of documents provided for in subdivision (b)(2) of this rule will occur before the expiration of the 12 days, the provisions of subdivision (b)(2) control.
(2) Initial and Supplemental Proceedings. Any document required under this rule for any initial or supplemental proceeding shall be served on the other party for inspection and copying within 45 days of service of the initial pleading on the respondent.
(c)Disclosure Requirements for Temporary Financial Relief. In any proceeding for temporary financial relief heard within 45 days of the service of the initial pleading or within any extension of the time for complying with mandatory disclosure granted by the court or agreed to by the parties, the following documents shall be served on the other party:
(1) A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) if the party’s gross annual income is less than $50,000, or Florida Family Law Rules of Procedure *311 Form 12.902(c) if the party’s gross annual income is equal to or more than $50,000. This requirement cannot be waived by the parties. The affidavit also must be filed with the court.
(2) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party’s behalf for the past year. A party may file a transcript of the tax return as provided by Internal Revenue Service Form 4506 in lieu of his or her individual federal income tax return for purposes of a temporary hearing.
(3) IRS forms W-2, 1099, and K-l for the past year, if the income tax return for that year has not been prepared.
(4) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(d) Parties’ Disclosure Requirements for Initial or Supplement Proceedings. A party shall serve the following documents in any proceeding for an initial or supplemental request for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys’ fees, suit money, or costs:
(1)A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) if the party’s gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 12.902(c) if the party’s gross annual income is equal to or more than $50,000, which requirement cannot be waived by the parties. The financial affidavits also must be filed with the court. A party may request, by using the Standard Family Law Interrogatories, or the court on its own motion may order, a party whose gross annual income is less than $50,000 to complete Florida Family Law Rules of Procedure Form 12.902(c).
(2) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party’s behalf for the past 3 years.
(3) IRS forms W-2, 1099, and K-l for the past year, if the income tax return for that year has not been prepared.
(4) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(5) A statement by the producing party identifying the amount and source of all income received from any source during the 3 months preceding the service of the financial affidavit required by this rule if not reflected on the pay stubs produced.
(6) All loan applications and financial statements prepared or used within the 12 months preceding service of that party’s financial affidavit required by this rule, whether for the purpose of obtaining or attempting to obtain credit or for any other purpose.
(7) All deeds within the last 3 years, all promissory notes within the last 12 months, and all present leases, in which the party owns or owned an interest, whether held in the party’s name individually, in the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(8) All periodic statements from the last 3 months for all checking accounts, and from the last 12 months for all other accounts (for example, savings accounts, money market funds, certificates of deposit, etc.), regardless of whether or not the account has been closed, including those held in the party’s name individually, in the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, *312 or in someone else’s name on the party’s behalf.
(9) All brokerage account statements in which either party to this action held within the last 12 months or holds an interest including those held in the party’s name individually, in the party’s name jointly with any person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(10) The most recent statement for any profit sharing, retirement, deferred compensation, or pension plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, or other similar account) in which the party is a participant or alternate payee and the summary plan description for any retirement, profit sharing, or pension plan in which the party is a participant or an alternate payee. (The summary plan description must be furnished to the party on request by the plan administrator as required by 29 U.S.C. § 1024(b)(4).)
(11) The declarations page, the last periodic statement, and the certificate for all life insurance policies insuring the party’s life or the life of the party’s spouse, whether group insurance or otherwise, and all current health and dental insurance cards covering either of the parties and/or their dependent children.
(12) Corporate, partnership, and trust tax returns for the last 3 tax years if the party has an ownership or interest in a corporation, partnership, or trust greater than or equal to 30%.
(13) All promissory notes for the last 12 months, all credit card and charge account statements and other records showing the party’s indebtedness as of the date of the filing of this action and for the last 3 months, and all present lease agreements, whether owed in the party’s name individually, in the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(14) All written premarital or marital agreements entered into at any time between the parties to this marriage, whether before or during the marriage. Additionally, in any modification proceeding, each party shall serve on the opposing party all written agreements entered into between them at any time since the order to be modified was entered.
(15) All documents and tangible evidence supporting the producing party’s claim of special equity or nonmarital status of an asset or debt for the time period from the date of acquisition of the asset or debt to the date of production or from the date of marriage, if based on premarital acquisition.
(16) Any court orders directing a party to pay or receive spousal or child support.
(e) Duty to Supplement Disclosure; Amended Financial Affidavit.
(1) Parties have a continuing duty to supplement documents described in this rule, including financial affidavits, whenever a material change in their financial status occurs.
(2) If an amended' financial affidavit or an amendment to a financial affidavit is filed, the amending party also shall serve any subsequently discovered or acquired documents supporting the amendments to the financial affidavit.
(f) Sanctions. Any document to be produced under this rule that is served on the opposing party fewer than 24 hours before a nonfinal hearing or in violation of the court’s pretrial order shall not be admissible in evidence at that hearing unless the court finds good cause for the delay. In addition, the court may impose other sane- *313 tions authorized by rule 12.380 as may be equitable under the circumstances. The court may also impose sanctions upon the offending lawyer in lieu of imposing sanctions on a party.
(g) Extensions of Time for Complying with Mandatory Disclosure. By agreement of the parties, the time for complying with mandatory disclosure may be extended. Either party also may file, at least 5 days before the due date, a motion to enlarge the time for complying with mandatory disclosure. The court shall grant the request for good cause shown.
(h) Objections to Mandatory Automatic Disclosure. Objections to the mandatory automatic disclosure required by this rule shall be served in writing at least 5 days prior to the due date for the disclosure or the objections shall be deemed waived. The filing of a timely objection, with a notice of hearing on the objection, automatically stays mandatory disclosure for those matters within the scope of the objection. For good cause shown, the court may extend the time for the filing of an objection or permit the filing of an otherwise untimely objection. The court shall impose sanctions for the filing of meritless or frivolous objections.
(i) Certificate of Compliance. All parties subject to automatic mandatory disclosure shall file with the court a certificate of compliance, Florida Family Law Rules of Procedure Form 12.932, identifying with particularity the documents which have been delivered and certifying the date of service of the financial affidavit and documents by that party. Except for the financial affidavit and child support guidelines worksheet, no documents produced under this rule shall be filed in the court file without a court order.
(j) Child Support Guidelines Worksheet. If the case involves child support, the parties shall file with the court at or prior to a hearing to establish or modify child support a Child Support Guidelines Worksheet in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(e). This requirement cannot be waived by the parties.
(k) Place of Production.
(1) Unless otherwise agreed by the parties or ordered by the court, all production required by this rule shall take place in the county where the action is pending and in the office of the attorney for the party receiving production. Unless otherwise agreed by the parties or ordered by the court, if a party does not have an attorney or if the attorney does not have an office in the county where the action is pending, production shall take place in the county where the action is pending at a place designated in writing by the party receiving production, served at least 5 days before the due date for production.
(2) If venue is contested, on motion by a party the court shall designate the place where production will occur pending determination of the venue issue.
(l) Failure of Defaulted Party to Comply. Nothing in this rule shall be deemed to preclude the entry of a final judgment when a party in default has failed to comply with this rule.
Commentary
1995 Adoption. This rule creates a procedure for automatic financial disclosure in family law cases. By requiring production at an early stage in the proceedings, it is hoped that the expense of litigation will be minimized. See Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987). A limited number of requirements have been placed upon parties making and spending less than $50,000 annually unless otherwise ordered by the court. *314 In cases where the income or expenses of a party are equal to or exceed $50,000 annually, the requirements are much greater. Except for the provisions as to financial affidavits, other than as set forth in subdivision (k), any portion of this rule may be modified by agreement of the parties or by order of the court. For instance, upon the request of any party or on the court’s own motion, the court may order that the parties to the proceeding comply with some or all of the automatic mandatory disclosure provisions of this rule even though the parties do not meet the income requirements set forth in subdivision (d). Additionally, the court may, on the motion of a party or on its own motion, limit the disclosure requirements in this rule should it find good cause for doing so.
Committee Notes
1997 Amendment. Except for the form of financial affidavit used, mandatory disclosure is made the same for all parties subject to the rule, regardless of income. The amount of information required to be disclosed is increased for parties in the under-$50,000 category and decreased for parties in the $50,000-or-over category. The standard family law interrogatories are no longer mandatory, and their answers are designed to be supplemental and not duplicative of information contained in the financial affidavits.
1998 Amendment. If one party has not provided necessary financial information for the other party to complete a child support guidelines worksheet, a good faith estimate should be made.
RULE 12.340. INTERROGATORIES TO PARTIES
Interrogatories to parties shall be governed generally by Florida Rule of Civil Procedure 1.340, with the following exceptions.
(a) Service of Interrogatories.
(1) Initial Interrogatories. Initial interrogatories to parties in original and enforcement actions shall be those set forth in Florida Family Law Rules of Procedure Form 12.930(b). Parties governed by the mandatory disclosure requirements of rule 12.285 may serve the interrogatories set forth in Florida Family Law Rules of Procedure Form 12.930(b) as set forth in rule 1.340.
(2) Modification Interrogatories. Interrogatories to parties in cases involving modification of a final judgment shall be those set forth in Florida Family Law Rules of Procedure Form 12.930(c). Parties governed by the mandatory disclosure requirements of rule 12.285 may serve the interrogatories set forth in Florida Family Law Rules of Procedure Form 12.930(c) as set forth in rule 1.340.
(b) Additional Interrogatories. Ten interrogatories, including subparts, may be sent to a party, in addition to the standard interrogatories contained in Florida Family Law Rules of Procedure Form 12.930(b) or Florida Family Law Rules of Procedure Form 12.930(c). A party must obtain permission of the court to send more than teelO additional interrogatories.
Commentary
1995 Adoption. For parties governed under the disclosure requirements of rule 12.285(d) (income or expenses of $50,000 or more), the answers to the interrogatories contained in Form 12.930(b) must be automatically served on the other party. For parties governed under the disclosure requirements of rule 12.285(c) (income and expenses under $50,000), the service of the interrogatories contained in Form 12.930(b) is optional as provided in Florida Rule of Civil Procedure 1.340. Additionally, under this rule, 10 additional interrogatories, including subparts, may be submitted beyond those contained in Florida *315 Family Law Rules of Procedure Form 12.930(b). Leave of court is required to exceed 10 additional interrogatories. The provisions of Florida Rule of Civil Procedure 1.340 are to govern the procedures and scope of the additional interrogatories.
Committee Note
1997 Amendment. The rule was amended to conform to the changes made to rule 12.285, Mandatory Disclosure.
RULE 12.380. FAILURE TO MAKE DISCOVERY; SANCTIONS
Florida Rule of Civil Procedure 1.380 shall govern the failure to make discovery in family law matters and related sanctions, with the following additions.
(a) A party may apply for an order compelling discovery in the manner set forth in rule 1.380 for the failure of any person to comply with any discovery request or requirement under the family law rules, including, but not limited to, the failure to comply with Florida Family Law Rule-ef Procedurerule 12.285.
(b) In the case of rule 1.380(c), the court may defer ruling on the party’s motion for sanctions until the conclusion of the matter in controversy.
RULE 12.400. CONFIDENTIALITY OF RECORDS AND PROCEEDINGS
(a) Closure of Proceedings or Records. Closure of court proceedings or sealing of records may be ordered by the court only as provided by Rule of Judicial Administration 2.051.
(b) In Camera Inspections. The court shall conduct an in camera inspection of any records sought to be sealed and consider the contents of the records in determining whether they should be sealed.
(c) Conditional Sealing of Financial Information.
(1)The court has the authority to conditionally seal the financial information required by rule 12,285 if it is likely that access to the information would subject a party to abuse, such as the use of the information by third parties for purposes unrelated to government or judicial accountability or to first amendment rights. Any such order sealing the financial information is conditional in that the information shall be disclosed to any person who establishes that disclosure of the information is necessary for government or .judicial accountability or has a proper first amendment right to the information.
(2) Notice of conditional sealing shall be as required by Rule of Judicial Administration 2.051(c)(9)(D).
(3) Upon receipt of a motion to reopen conditionally sealed financial information, the court shall schedule a hearing on the motion with notice provided to the movant and parties.
Commentary
1995 Adoption. Judicial proceedings and records should be public except when substantial compelling circumstances, especially the protection of children or of business trade secrets, require otherwise. Family law matters frequently present such circumstances. It is intended that this rule be applied to protect the interests of minor children from offensive testimony and to protect children in a divorce proceeding.
2003 Amendment. The adoption of a procedure for conditional sealing of the financial information does not change the burden of proof for closure of filed records of court proceedings set forth in Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113, 118 (Fla.1988).
RULE 12.490. GENERAL MASTERS
(a) General Masters. Judges of the circuit court may appoint as many general masters from among the members of The Florida Bar in the circuit as the judges *316 find necessary, and the general masters shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general master shall take the oath required of officers by the ^constitution and the oath shall be recorded before the master discharges any duties of that office.
(b) Reference.
(1) No matter shall be heard by a general master without an appropriate order of reference and the consent to the referral of all parties. Consent, as defined in this rule, to a specific referral, once given, cannot be withdrawn without good cause shown before the hearing on the merits of the matter referred. Consent may be express or may be implied in accordance with the requirements of this rule.
(A) A written objection to the referral to a general master must be filed within 10 days of the service of the order of referral.
(B) If the time set for the hearing is less than 10 days after service of the order of referral, the objection must be filed before commencement of the hearing.
(C) If the order of referral is served within the first 20 days after the service of the initial process, the time to file an objection is extended to the time within which to file a responsive pleading.
(D) Failure to file a written objection within the applicable time period is deemed to be consent to the order of referral.
(2) The order of referral shall be in substantial conformity with Florida Family Law Rules of Procedure Form 12.920(b), and shall contain the following language in bold type:
A REFERRAL TO A GENERAL MASTER REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE THE GENERAL MASTER, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. IF THIS ORDER IS SERVED WITHIN THE FIRST 20 DAYS AFTER SERVICE OF PROCESS, THE TIME TO FILE AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A RESPONSIVE PLEADING IS DUE. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.
REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MASTER SHALL BE BY EXCEPTIONS AS PROVIDED IN RULE 12.490(f), FLA. FAM. L.R.P. A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS, MAY BE REQUIRED TO SUPPORT THE EXCEPTIONS.
(3)The order of referral shall state with specificity the matter or matters being referred and the name of the general master to whom the matter is referred. The order of referral also shall state whether electronic recording or a court reporter is provided by the court, or whether a court reporter, if desired, must be provided by the litigants.
*317 (4) When a reference is made to a general master, any party or the general master may set the action for hearing.
(c) General Powers and Duties. Every general master shall perform all of the duties that pertain to the office according to the practice in chancery and rules of court and under the direction of the court except those duties related to domestic, or repeat, and dating violence. A general master shall be empowered to administer oaths and conduct hearings, which may include the taking of evidence. All grounds for disqualification of a judge shall apply to general masters.
(d) Hearings.
(1) The general master shall assign a time and place for proceedings as soon as reasonably possible after the reference is made and give notice to each of the parties either directly or by directing counsel to file and serve a notice of hearing. If any party fails to appear, the general master may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The general master shall proceed with reasonable diligence in every reference and with the least delay practicable. Any party may apply to the court for an order to the general master to speed the proceedings and to make the report and to certify to the court the reason for any delay.
(2) The general master shall take testimony and-* establish a record which may be by electronic means as provided by Florida Rule of Judicial Administration 2.070(d)(gXS) or by a court reporter. The parties may not waive this requirement.
(3) The general master shall have authority to examine under oath the parties and all witnesses upon all matters contained in the reference, to require production of all books, papers, writings, vouchers, and other documents applicable to it, and to examine on oath orally all witnesses produced by the parties. The general master may take all actions concerning evidence that can be taken by the circuit court and in the same manner. The general master shall have the same powers as a circuit judge to utilize communications equipment as defined and regulated by Florida Rule of Judicial Administration 2.071.
(4) The notice or order setting the cause for hearing shall be in substantial conformity with Florida Family Law Rules of Procedure Form 12.920(c) and shall contain the following language in bold type:
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE GENERAL MASTER, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490(f), FLA. FAM. L.R.P. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT’S REVIEW.
(5) The notice or order setting a matter for hearing shall state whether electronic recording or a court reporter is provided by the court. If the court provides electronic recording, the notice also shall state that any party may provide a court reporter at that party’s expense.
(e)General Master’s Report. The general master shall file a report that includes findings of fact and conclusions of law, together with recommendations. If a court reporter was present, the report *318 shall contain the name and address of the reporter.
(f) Filing Report; Notice; Exceptions. The general master shall file the report and recommendations and serve copies on all parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. Any party may file cross-exceptions within 5 days from the service of the exceptions, provided, however, that the filing of cross-exceptions shall not delay the hearing on the exceptions unless good cause is shown. If no exceptions are filed within that period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party or the court.
(g) Record. For the purpose of the hearing on exceptions, a record, substantially in conformity with this rule, shall be provided to the court by the party seeking review if necessary for the court’s review.
(1) The record shall consist of the court file, including the transcript of the relevant proceedings before the general master and all depositions and evidence presented to the general master.
(2) The transcript of all relevant proceedings, if any, shall be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions. If less than a full transcript of the proceedings taken before the general master is ordered prepared by the excepting party, that party shall promptly file a notice setting forth the portions of the transcript that have been ordered. The responding parties shall be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the exceptions or cross-exceptions.
(3) The cost of the original and all copies of the transcript of the proceedings shall be borne initially by the party seeking review, subject to appropriate assessment of suit monies. Should any portion of the transcript be required as a result of a designation filed by the responding party, the party making the designation shall bear the initial cost of the additional transcript.
Commentary
1995 Adoption. This rule is a modification of Florida Rule of Civil Procedure 1.490. That rule governed the appointment of both general and special masters. The appointment of special masters is now governed by Florida Family Law Rule of Procedure 12.492. This rule is intended to clarify procedures that were required under rule 1.490, and it creates additional procedures. The use of general masters should be implemented only when such use will reduce costs and expedite eases in accordance with Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993), Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991), and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987).
RULE 12.491. CHILD SUPPORT ENFORCEMENT
(a) Limited Application. This rule shall be effective only when specifically invoked by administrative order of the chief justice for use in a particular county or circuit.
(b) Scope. This rule shall apply to proceedings for „
(1) the establishment, enforcement, or modification of child support, or
(2) the enforcement of any support order for the custodial parent in conjunction with an ongoing child support or child support arrearage order,
when a party seeking support is receiving services pursuant to Title IV-D of the Social Security Act (42 U.S.C. §§ 651 et seq.) and to non-Title IV-D proceedings *319 upon administrative order of the chief justice.
(c) Support Enforcement Hearing Officers. The chief judge of each judicial circuit shall appoint such number of support enforcement hearing officers for the circuit or any county within the circuit as are necessary to expeditiously perform the duties prescribed by this rule. A hearing officer shall be a member of The Florida Bar unless waived by the chief justice and shall serve at the pleasure of the chief judge and a majority of the circuit judges in the circuit.
(d) Referral. Upon the filing of a cause of action or other proceeding for the establishment, enforcement, or modification of support to which this rule applies, the court or clerk of the circuit court shall refer such proceedings to a support enforcement hearing officer, pursuant to procedures to be established by administrative order of the chief judge.
(e) General Powers and Duties. The support enforcement hearing officer shall be empowered to issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence. A support enforcement hearing officer does not have the authority to hear contested paternity cases. Upon the receipt of a support proceeding, the support enforcement hearing officer shall:
(1) assign a time and place for an appropriate hearing and give notice to each of the parties as may be required by law;
(2) take testimony and establish a record, which record may be by electronic means as provided by Florida Rule of Judicial Administration 2.070(dj(g)(3);
(3) accept voluntary acknowledgment of paternity and support liability and stipulated agreements setting the amount of support to be paid; and
(4)evaluate the evidence and promptly make a recommended order to the court. Such order shall set forth findings of fact.
(f) Entry of Order and Relief from Order. Upon receipt of a recommended order, the court shall review the recommended order and shall enter an order promptly unless good cause appears to amend the order, conduct further proceedings, or refer the matter back to the hearing officer to conduct further proceedings. Any party affected by the order may move to vacate the order by filing a motion to vacate within 10 days from the date of entry. Any party may file a cross-motion to vacate within 5 days of service of a motion to vacate, provided, however, that the filing of a cross-motion to vacate shall not delay the hearing on the motion to vacate unless good cause is shown. A motion to vacate the order shall be heard within 10 days after the movant applies for hearing on the motion.
(g) Modification of Order. Any party affected by the order may move to modify the order at any time.
(h) Record. For the purpose of hearing on a motion to vacate, a record, substantially in conformity with this rale, shall be provided to the court by the party seeking review.
(1) The record shall consist of the court file, including the transcript of the proceedings before the hearing officer, if filed, and all depositions and evidence presented to the hearing officer.
(2) The transcript of all relevant proceedings shall be delivered to the judge and provided to opposing counsel not less than 48 hours before the hearing on the motion to vacate. If less than a full transcript of the proceedings taken before the *320 hearing officer is ordered prepared by the moving party, that party shall promptly file a notice setting forth the portions of the transcript that have been ordered. The responding party shall be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the motion to vacate or cross-motion to vacate.
(3) The cost of the original and all copies of the transcript of the proceedings shall be borne initially by the party seeking review, subject to appropriate assessment of suit monies. Should any portion of the transcript be required as a result of a designation filed by the responding party, the party making the designation shall bear the initial cost of the additional transcript.
Commentary
1995 Adoption. Previously, this rule was contained in Florida Rule of Civil Procedure 1.491. The new rule is substantially the same as previous rule 1.491, with the following additions.
It is intended that any administrative order issued by the chief justice of the Florida Supreme Court under rule 1.491(a) shall remain in full force and effect as though such order was rendered under this rule until changed by order of that same court.
Subdivision (e) now makes clear that contested paternity cases are not to be heard by support enforcement hearing officers.
Subdivision (h) has been added to provide requirements for a record.
The following notes and commentary have been carried forward from rule 1.491.
1988 Adoption. Title: The terminology “hearing officer” is used rather than “master” to avoid confusion or conflict with rule 1.490.
Subdivision (a): The rule is intended as a fall back mechanism to be used by the chief justice as the need may arise.
Subdivision (b): The expedited process provisions of the applicable federal regulations apply only to matters which fall within the purview of Title IV-D. The committee recognizes, however, that the use of hearing officers could provide a useful case flow management tool in non-Title IV-D support proceedings.
It is contemplated that a circuit could make application to the chief justice for expansion of the scope of the rule upon a showing of necessity and good cause. It is the position of the representative of the Family Law Section of The Florida Bar that reference of non-Title IV-D proceedings should require the consent of the parties as is required by rule 1.490(c).
Subdivision (c): It is the position of the committee that hearing officers should be members of the Bar in that jurisdictional and other legal issues are likely to arise in proceedings of this nature. The waiver provision is directed to small counties in which it may be difficult or impossible to find a lawyer willing to serve and to such other special circumstances as may be determined by the chief justice.
Subdivision (d): This paragraph recognizes that the mechanics of reference and operation of a program are best determined at the local level.
Subdivision (e): This paragraph is intended to empower the hearing officer to fully carry out his or her responsibilities without becoming overly complicated. The authority to enter defaults which is referred to in the federal regulations is omitted, the committee feeling that the subject matter is fully and adequately covered by rule 1.500.
The authority to accept voluntary acknowledgments of paternity is included at *321 the request of the Department of Health and Rehabilitative Services. Findings of fact are included in the recommended order to provide the judge to whom the order is referred basic information relating to the subject matter.
Subdivision (f): Expedited process is intended to eliminate or minimize delays which are perceived to exist in the normal processing of cases. This paragraph is intended to require the prompt entry of an order and to guarantee due process to the obligee.
General Note: This proposed rule, in substantially the same form, was circulated to each of the chief judges for comment. Five responses were received. Two responding endorsed the procedure, and 3 responding felt that any rule of this kind would be inappropriate. The committee did not address the question of funding, which included not only salaries of hearing officers and support personnel, but also capital outlay for furniture, fixtures, equipment and space, and normal operating costs. The committee recognizes that the operational costs of such programs may be substantial and recommends that this matter be addressed by an appropriate body.
Committee Note
1998 Amendment. This rule shall not apply to proceedings to establish or modify alimony.
RULE 12.610. INJUNCTIONS FOR DOMESTIC, AND REPEAT, AND DATING VIOLENCE
(a) Application. This rule shall apply only to temporary and permanent injunctions for protection against domestic violence and temporary and permanent injunctions for protection against repeat violence or dating violence. All other in-junctive relief sought in cases to which the Family Law Rules apply shall be governed by Florida Rule of Civil Procedure 1.610.
(b) Petitions.
(1) Requirements for Use.
(A) Domestic Violence. Any person may file a petition for an injunction for protection against domestic violence if they certify under oath-that as provided by law.
(i) the party filing the injunction and the party against wbom-theánju-netion is sought are spouses, former-spouses^persons-related by blood or marriage, persons who are presently residing-together-as-i-f-a family or who have resided-together-in-the past as-if a family, or persons who -have-a child in common- regardless of whether-they have-been-married or have resided together at any-time-;-
(ii) the party filing the-petition-was the victim -of,-or has reasonable cause to believe-he-or-sfae is in imminent danger of becoming the-victim of an assault, aggravated assaulVbattery, aggravated-battery, sexual-assault, sexual battery, -stalking, aggravated stalking^-dadnapping, false imprisonment, or any criminal offense-resulting in physical injury or death-perpetrated-by the-party against whom-the-injunction-is sought; and
(in) the-specifie-facts and circumstances-upon the basis of-which relief is sought are-true-
(B) Repeat Violence. Any person may file a petition for an injunction for protection against repeat violence if they certify under oath-that as provided by law.
(i) two-incidents of violence, defined as any assault, battery, sexual-battery or stalking, one of which must -have occurred within 6 months-of the filing of the petition, have been committed by the person against whom the injunction — is sought against-the petitioner or the petitioner’s immediate family-member; and
*322 (ii) the specific-facts--and-circumstances upon the basis-of — which-relief is sought are true;
(C) Dating Violence. Any person may file a petition for an injunction for protection against dating violence as provided by law.
(2)Service of Petitions.
(A) Domestic Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against domestic violence, financial affidavit (if support is sought), Uniform Child Custody Jurisdiction and Enforcement Act affidavit (if custody is sought), temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(B) Repeat Violence and Dating Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against repeat violence or dating violence, temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(C) Additional Documents. Service of pleadings in cases of domestic, or repeat, or dating violence other than petitions, supplemental petitions, and orders granting injunctions shall be governed by rule 12.080, except that service of a motion to modify or vacate an injunction should be by notice that is reasonably calculated to apprise the nonmoving party of the pen-dency of the proceedings.
(3) Consideration by Court. Upon the filing of a petition, the court shall set a hearing to be held at the earliest possible time. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic, repeat, or dating violence, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time. Nothing herein affects a petitioner’s right to promptly amend any petition, or otherwise be heard in person on any petition consistent with these rules.
(4) Forms.
(A) Provision of Forms. The clerk of the court or family or domestic/repeat/dating violence intake personnel shall provide simplified forms, including instructions for completion, for any person whose circumstances meet the requirements of this rule and shall assist the petitioner in obtaining an injunction for protection against domestic, or repeat, or dating violence as provided by law.
(B) Confidential Filing of Address. A petitioner’s address may be furnished to the court in a confidential filing separate from a petition or other form if, for safety reasons, a petitioner believes that the address should be concealed. The ultimate determination of a need for confidentiality must be made by the court as provided in Florida Rule of Judicial Administration 2.051.
(c) Orders of Injunction.
(1) Consideration by Court.
(A) Temporary Injunction. For the injunction for protection to be issued ex parte, it must appear to the court that an immediate and present danger of domestic, or repeat, or dating violence exists. In an ex parte hearing for the purpose of obtaining an ex parte temporary injunc *323 tion, the court may limit the evidence to the verified pleadings or affidavits for a determination of whether there is an imminent danger that the petitioner will become a victim of domestic, or repeat, or dating violence. If the respondent appears at the hearing or has received reasonable notice of the hearing, the court may hold a hearing on the petition. If a verified petition and affidavit are amended, the court shall consider the amendments as if originally filed.
(B) Final Judgment of Injunction for Protection Against Repeat Violence. A hearing shall be conducted.
(C) Final Judgment of Injunction for Protection Against Domestic Violence. The court shall conduct a hearing and make a finding of whether domestic violence occurred or whether imminent danger of domestic violence exists. If the court determines that an injunction will be issued, the court shall also rule on the following:
(i) whether the respondent may have any contact with the petitioner, and if so, under what conditions;
(ii) exclusive use of the parties’ shared residence;
(iii) temporary custody of minor children;
(iv) whether temporary visitation will occur and whether it will be supervised;
(v) whether temporary child support will be ordered;
(vi) whether temporary spousal support will be ordered; and
(vii) such other relief as the court deems necessary for the protection of the petitioner.
The court, with the consent of the parties, may refer the parties to mediation by a certified family mediator to attempt to resolve the details as to the above rulings. This mediation shall be the only alternative dispute resolution process offered by the court. Any agreement reached by the parties through mediation shall be reviewed by the court and, if approved, incorporated into the final judgment. If no agreement is reached the matters referred shall be returned to the court for appropriate rulings. Regardless of whether all issues are resolved in mediation, an injunction for protection against domestic violence shall be entered or extended the same day as the hearing on the petition commences.
(2) Issuing of Injunction.
(A) Standardized Forms. The temporary and permanent injunction forms approved by the Florida Supreme Court for domestic, repeat and domestic, and dating violence injunctions shall be the forms used in the issuance of injunctions under chapters 741 and 784, Florida Statutes. Additional standard provisions, not inconsistent with the standardized portions of those forms, may be added to the special provisions section of the temporary and permanent injunction forms, or at the end of each section to which they apply, on the written approval of the chief judge of the circuit, and upon final review and written approval by the Gchief Jjustice. Copies of such additional standard provisions, once approved by the Gchief Jjustice, shall be sent to the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Steering Committee on Families and Children in the Court, and the chair of The Governor’s Task Force on Domestic and Sexual Violence.
(B) Bond. No bond shall be required by the court for the entry of an injunction for protection against domestic or repeat, or dating violence. The clerk of the court shall provide the parties with *324 sufficient certified copies of the order of injunction for service.
(3) Service of Injunctions.
(A) Temporary Injunction. A temporary injunction for protection against domestic, or repeat, or dating violence must be personally served. When the respondent has been served previously with the temporary injunction and has failed to appear at the initial hearing on the temporary injunction, any subsequent pleadings seeking an extension of time may be served on the respondent by the clerk of the court by certified mail in lieu of personal service by a law enforcement officer. If the temporary injunction was issued after a hearing because the respondent was present at the hearing or had reasonable notice of the hearing, the injunction may be served in the manner provided for a permanent injunction.
(B) Permanent Injunction.
(i) Party Present at Hearing. The parties may acknowledge receipt of the permanent injunction for protection against domestic, or repeat, or dating violence in writing on the face of the original order. If a party is present at the hearing and that party fails or refuses to acknowledge the receipt of a certified copy of the injunction, the clerk shall cause the order to be served by mailing certified copies of the injunction to the parties who were present at hearing at the last known address of each party. Service by mail is complete upon mailing. When an order is served pursuant to this subdivision, the clerk shall prepare a written certification to be placed in the court file specifying the time, date, and method of service and within 24 hours shall forward a copy of the injunction and the clerk’s affidavit of service to the sheriff with jurisdiction over the residence of the petitioner. This procedure applies to service of orders to modify or vacate injunctions for protection against domestic, or repeat, or dating violence.
(ii) Party not Present at Hearing. Within 24 hours after the court issues, continues, modifies, or vacates an injunction for protection against domestic, or repeat, or dating violence, the clerk shall forward a copy of the injunction to the sheriff with jurisdiction over the residence of the petitioner for service.
(4) Duration.
(A) Temporary Injunction. Any temporary injunction shall be effective for a fixed period not to exceed 15 days. A full hearing shall be set for a date no later than the date when the temporary injunction ceases to be effective. The court may grant a continuance of the temporary injunction and of the full hearing for good cause shown by any party, or upon its own motion for good cause, including failure to obtain service.
(B) Permanent Injunction. Any relief granted by an injunction for protection against domestic, or repeat, or dating violence shall be granted for a fixed period or until further order of court. Such relief may be granted in addition to other civil and criminal remedies. Upon petition of the victim, the court may extend the injunction for successive periods or until further order of court. Broad discretion resides with the court to grant an extension after considering the circumstances. No specific allegations are required.
(5) Enforcement. The court may enforce violations of an injunction for protection against domestic, or repeat, or dating violence in civil contempt proceedings, which are governed by rule 12.570, or in criminal contempt proceedings, which are governed by Florida Rule of Criminal Procedure 3.840, or, if the violation meets the statutory criteria, it may be prosecuted as a crime under Florida Statutes.
*325 (6) Motion to Modify or Vacate Injunction. The petitioner or respondent may move the court to modify or vacate an injunction at any time. Service of a motion to modify or vacate injunctions shall be governed by subdivision 12.610(b)(2) of this rule. However, for service of a motion to modify to be sufficient if a party is not represented by an attorney, service must be in accord with rule 12.070, or in the alternative, there must be filed in the record proof of receipt of this motion by the nonmoving party personally.
(7) Forms. The clerk of the court or family or domestic/repeat/dating violence intake personnel shall provide simplified forms including instructions for completion, for the persons whose circumstances meet the requirements of this rule and shall assist in the preparation of the affidavit in support of the violation of an order of injunction for protection against domestic, or repeat, or dating violence.
Commentary
2003 Amendment. This rule was amended to emphasize the importance of judicial involvement in resolving injunction for protection against domestic violence cases and to establish protections if mediation is used. In performing case management, court staff may interview the parties separately to identify and clarify their positions. Court staff may present this information to the court along with a proposed order for the court’s consideration in the hearing required by subdivision (b). The first sentence of (c)(1)(C) contemplates that an injunction will not be entered unless there is a finding that domestic violence occurred or that there is imminent danger of domestic violence. Subdivision (c)(1)(C) also enumerates certain rulings that a judge must make after deciding to issue an injunction and before referring parties to mediation. This is intended to ensure that issues involving safety are decided by the judge and not left to the parties to resolve. The list is not meant to be exhaustive, as indicated by subdivision (c)(l)(C)(vii), which provides for “other relief,” such as retrieval of personal property and referrals to batterers’ intervention programs. The prohibition against use of any “alternative dispute resolution” other than mediation is intended to preclude any court-based process that encourages or facilitates, through mediation or negotiation, agreement as to one or more issues, but does not preclude the parties through their attorneys from presenting agreements to the court. All agreements must be consistent with this rule regarding findings. Prior to ordering the parties to mediate, the court should consider risk factors in the case and the suitability of the case for mediation. The court should not refer the case to mediation if there has been a high degree of past violence, a potential for future lethality exists, or there are other factors which would compromise the mediation process.
1995 Adoption. A cause of action for an injunction for protection against domestic violence and repeat violence has been created by section 741.30, Florida Statutes (Supp.1994) (modified by chapter 95-195, Laws of Florida), and section 784.046, Florida Statutes (Supp.1994), respectively. This rule implements those provisions and is intended to be consistent with the procedures set out in those provisions except as indicated in this commentary. To the extent a domestic or repeat violence matter becomes criminal or is to be enforced by direct or indirect criminal contempt, the appropriate Florida Rules of Criminal Procedure will apply.
The facts and circumstances to be alleged under subdivision 12.610(b)(1)(A) include those set forth in Florida Supreme Court Approved Family Law Form 12.980(b). An injunction for protection *326 against domestic or repeat violence may be sought whether or not any other cause of action is currently pending between the parties. However, the pendency of any such cause of action must be alleged in the petition. The relief the court may grant in a temporary or permanent injunction against domestic violence is set forth in sections 741.30(5^(6).
The facts and circumstances to be alleged under subdivision (b)(1)(B) include those set forth in Florida Supreme Court Approved Family Law Form 12.980(4g). The relief the court may grant in a temporary or permanent injunction against repeat violence is set forth in section 784.046(7), Florida Statutes.
Subdivision (b)(4) expands sections 741.30(2)(c)l and (2)(c)2, Florida Statutes, to provide that the responsibility to assist the petitioner may be assigned not only to the clerk of court but also to the appropriate intake unit of the court. Florida Supreme Court Approved Family Law Form 12.980(b) provides the form for a petition for injunction against domestic violence. If the custody of a child is at issue, a Uniform Child Custody Jurisdiction and Enforcement Act affidavit must be provided and completed in conformity with Florida Supreme Court Approved Family Law Form 12.902(d). If alimony or child support is sought a Financial Affidavit must be provided and completed in conformity with Florida Family Law Rules of Procedure Form 12.902(b) or 12.902(c).
Subdivision (c)(1)(A) expands chapter 95-195, Laws of Florida, and section 784.046(6)(ab), Florida Statutes, to make the limitation of evidence presented at an ex parte hearing permissive rather than mandatory given the due process concerns raised by the statutory restrictions on the taking of evidence.
Unlike traditional injunctions, under subdivision (c)(2), no bond will be required for the issuance of injunctions for protection against domestic or repeat violence. This provision is consistent with the statutes except that, unlike the statutes, it does not set a precise number of copies to be provided for service.
Subdivision (e)(3)(A) makes the procedure for service of a temporary order of injunction for protection against domestic violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(78)(ba)31 and (78)(c)l and 784.046(8)(a)l, Florida Statutes.
Subdivision (c)(3)(B) makes the procedure for service of a permanent order of injunction for protection against domestic violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(78)(a)3 and (78)(c)l and 784.046(8)(c)l, Florida Statutes, and to specifically clarify that service of the permanent injunction by mail is only effective upon a party who is present at the hearing which resulted in the issuance of the injunction.
Subdivision (c)(4)(A) restates sections 741.30(5)(c) and 784.046(6)(c), Florida Statutes, with some expansion. This subdivision allows the court upon its own motion to extend the protection of the temporary injunction for protection against domestic or repeat violence for good cause shown, which shall include, but not be limited to, failure to obtain service. This subdivision also makes the procedures in cases of domestic and repeat violence identical, resolving the inconsistencies in the statutes.
Subdivision (c)(4)(B) makes the procedures in cases of domestic and repeat violence identical, resolving inconsistencies in the statutes. As stated in section 741.30(l)(c), Florida Statutes, in the event a subsequent cause of action is filed under *327 chapter 61, Florida Statutes, any orders entered therein shall take precedence over any inconsistent provisions of an injunction for protection against domestic violence which addresses matters governed by chapter 61, Florida Statutes.
Subdivision (c)(5) implements a number of statutes governing enforcement of injunctions against domestic or repeat violence. It is intended by these rules that procedures in cases of domestic and repeat violence be identical to resolve inconsistencies in the statutes. As such, the procedures set out in section 741.31(1), Florida Statutes, are to be followed for violations of injunctions for protection of both domestic and repeat violence. Pursuant to that statute, the petitioner may contact the clerk of the circuit court of the county in which the violation is alleged to have occurred to obtain information regarding enforcement.
Subdivision (c)(7) expands sections 741.30(2)(c)l and (2)(c)2, Florida Statutes, to provide that the responsibility to assist a petitioner may not only be assigned to the clerk of court but also to the appropriate intake unit of the court. This subdivision makes the procedures in cases of domestic and cases of repeat violence identical to resolve inconsistencies in the statutes.
Committee Note
1997 Amendment. This change mandates use of the injunction forms provided with these rules to give law enforcement a standardized form to assist in enforcement of injunctions. In order to address local concerns, circuits may add special provisions not inconsistent with the mandatory portions.
RULE 12.615 CIVIL CONTEMPT IN SUPPORT MATTERS
(a)Applicability. This rule governs civil contempt proceedings in support matters related to family law cases. The use of civil contempt sanctions under this rule shall be limited to those used to compel compliance with a court order or to compensate a movant for losses sustained as a result of a contemnor’s willful failure to comply with a court order. Contempt sanctions intended to punish an offender or to vindicate the authority of the court are criminal in nature and are governed by Florida Rules of Criminal Procedure 3.830 and 3.840.
(b) Motion and Notice. Civil contempt may be initiated by motion. The motion must recite the essential facts constituting the acts alleged to be contemptuous. No civil contempt may be imposed without notice to the alleged contemnor and without providing the alleged contemnor with an opportunity to be heard. The civil contempt motion and notice of hearing may be served by mail provided notice by mail is reasonably calculated to apprise the alleged contemnor of the pendency of the proceedings. The notice must specify the time and place of the hearing and must contain the following language: “FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.” The motion must recite the-essential-facts constituting the acts alleged to be contemptuous. This notice must also state whether electronic recording or a court reporter is provided by the court or whether a court reporter, if desired, must be provided by the party.
(c) Hearing. In any civil contempt hearing, after the court makes an express finding that the alleged contemnor had notice of the motion and hearing:
(1) the court shall determine whether the movant has established that a prior *328 order directing payment of support was entered and that the alleged contemnor has failed to pay all or part of the support set forth in the prior order; and
(2) if the court finds the movant has established all of the requirements in subdivision -12t6Í5(c)(1) of this rule, the court shall,'
(A) if the alleged contemnor is present, determine whether the alleged contemnor had the present ability to pay support and willfully failed to pay such support.
(B) if the alleged contemnor fails to appear, set a reasonable purge amount based on the individual circumstances of the parties. The court may issue a writ of bodily attachment and direct that, upon execution of the writ of bodily attachment, the alleged contemnor be brought before the court within 48 hours for a hearing on whether the alleged contemnor has the present ability to pay support and, if so, whether the failure to pay such support is willful.
(d) Order and Sanctions. After hearing the testimony and evidence presented, the court shall enter a written order granting or denying the motion for contempt.
(1) An order finding the alleged con-temnor to be in contempt shall contain a finding that a prior order of support was entered, that the alleged contemnor has failed to pay part or all of the support ordered, that the alleged contemnor had the present ability to pay support, and that the alleged contemnor willfully failed to comply with the prior court order. The order shall contain a recital of the facts on which these findings are based.
(2) If the court grants the motion for contempt, the court may impose appropriate sanctions to obtain compliance with the order including incarceration, attorneys’ fees, suit money and costs, compensatory or coercive fines, and any other coercive sanction or relief permitted by law provided the order includes a purge provision as set forth in subdivision 12.615(e) of this rule.
(e) Purge. If the court orders incarceration, a coercive fine, or any other coercive sanction for failure to comply with a prior support order, the court shall set conditions for purge of the contempt, based on the contemnor’s present ability to comply. The court shall include in its order a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding. The court may grant the contemnor a reasonable time to comply with the purge conditions. If the court orders incarceration but defers incarceration for more than 48 hours to allow the contemnor a reasonable time to comply with the purge conditions, and the contemnor fails to comply within the time provided, the movant shall file an affidavit of noncompliance with the court. If payment is being made through the Central Governmental Depository, a certificate from the depository shall be attached to the affidavit. The court then may issue a writ of bodily attachment. Upon incarceration, the contemnor must be brought before the court within 48 hours for a determination of whether the contemnor continues to have the present ability to pay the purge.
(f) Review after Incarceration. Notwithstanding the provisions of this rule, at any time after a contemnor is incarcerated, the court on its own motion or motion of any party may review the contemnor’s present ability to comply with the purge condition and the duration of incarceration and modify any prior orders.
(g) Other Relief. Where there is a failure to pay support or to pay support on a timely basis but the failure is not willful, nothing in this rule shall be construed as *329 precluding the court from granting such relief as may be appropriate under the circumstances.
Commentary
1998 Adoption. This rule is limited to civil contempt proceedings. Should a court wish to impose sanctions for criminal contempt, the court must refer to Florida Rules of Criminal Procedure 3.830 and 3.840 and must provide the alleged con-temnor with all of the constitutional due process protections afforded to criminal defendants. This rule is created to assist the trial courts in ensuring that the due process rights of alleged contemnors are protected. A court that adjudges an individual to be in civil contempt must always afford the contemnor the opportunity to purge the contempt.
RULE 12.750. FAMILY SELF-HELP PROGRAMS
(a) Establishment of Programs. A chief judge, by administrative order, may establish a self-help program to facilitate access to family courts. The purpose of a self-help program is to assist self-represented litigants, within the bounds of this rule, to achieve fair and efficient resolution of their family law case. The purpose of a self-help program is not to provide legal advice to self-represented litigants. This rule applies only to programs established and operating under the auspices of the court pursuant to this rule.
(b) Definitions.
(1) “Family law case” means any case in the circuit that is assigned to the family law division.
(2) “Self-represented litigant” means any individual who seeks information to file, pursue, or respond to a family law case without the assistance of a lawyer authorized to practice before the court.
(3) “Self-help personnel” means lawyer and nonlawyer personnel in a self-help program.
(4) “Self-help program” means a program established and operating under the authority of this rule.
(5) “Approved form” means (A) Florida Family Law Rules of Procedure Forms or Florida Supreme Court Approved Family Law Forms or (B) forms that have been approved in writing by the chief judge of a circuit and that are not inconsistent with the Supreme Court approved forms, copies of which are to be sent to the Gchief Jjustiee, the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Family Law Section of The Florida Bar, and the chair of the Family Court Steering Committee. Forms approved by a chief judge may be used unless specifically rejected by the Supreme Court.
(c)Services Provided. Self-help personnel may:
(1) encourage self-represented litigants to obtain legal advice;
(2) provide information about available pro bono legal services, low cost legal services, legal aid programs, and lawyer referral services;
(3) provide information about available approved forms, without providing advice or recommendation as to any specific course of action;
(4) provide approved forms and approved instructions on how to complete the forms;
(5) engage in limited oral communications to assist a person in the completion of blanks on approved forms;
(6) record information provided by a self-represented litigant on approved forms;
*330 (7) provide, either orally or in writing, definitions of legal terminology from widely accepted legal dictionaries or other dictionaries without advising whether or not a particular definition is applicable to the self-represented litigant’s situation;
(8) provide, either orally or in writing, citations of statutes and rules, without advising whether or not a particular statute or rule is applicable to the self-represented litigant’s situation;
(9) provide docketed case information;
(10) provide general information about court process, practice, and procedure;
(11) provide information about mediation, required parenting courses, and courses for children of divorcing parents;
(12) provide, either orally or in writing, information from local rules or administrative orders;
(13) provide general information about local court operations;
(14) provide information about community services; and
(15) facilitate the setting of hearings.
(d) Limitations on Services. Self-help personnel shall not:
(1) provide legal advice or recommend a specific course of action for a self-represented litigant;
(2) provide interpretation of legal terminology, statutes, rules, orders, cases, or the constitution;
(3) provide information that must be kept confidential by statute, rule, or case law;
(4) deny a litigant’s access to the court;
(5) encourage or discourage litigation;
(6) record information on forms for a self-represented litigant, except as otherwise provided by this rule;
(7) engage in oral communications other than those reasonably necessary to elicit factual information to complete the blanks on forms except as otherwise authorized by this rule;
(8) perform legal research for litigants;
(9) represent litigants in court; and
(10) lead litigants to believe that they are representing them as lawyers in any capacity or induce the public to rely upon them for legal advice.
(e) Unauthorized Practice of Law. The services listed in subdivision (c), when performed by nonlawyer personnel in a self-help program, shall not be the unauthorized practice of law.
(f) No Confidentiality. Notwithstanding ethics rules that govern attorneys, certified legal interns, and other persons working under the supervision of an attorney, information given by a self-represented litigant to self-help personnel is not confidential or privileged.
(g) No Conflict. Notwithstanding ethics rules that govern attorneys, certified legal interns, and other persons working under the supervision of an attorney, there is no conflict of interest in providing services to both parties.
(h) Notice of Limitation of Services Provided. Before receiving the services of a self-help program, self-help personnel shall thoroughly explain the “Notice of Limitation of Services Provided” disclaimer below. Each self-represented litigant, after receiving an explanation of the disclaimer, shall sign an acknowledgment that the disclaimer has been explained to the self-represented litigant and that the self-represented litigant understands the limi *331 tation of the services provided. The self-help personnel shall sign the acknowledgment certifying compliance with this requirement. The original shall be filed by the self-help personnel in the court file and a copy shall be provided to the self-represented litigant.
NOTICE OF LIMITATION OF SERVICES PROVIDED
THE PERSONNEL IN THIS SELF-HELP PROGRAM ARE NOT ACTING AS YOUR LAWYER OR PROVIDING LEGAL ADVICE TO YOU. SELF-HELP PERSONNEL ARE NOT ACTING ON BEHALF OF THE COURT OR ANY JUDGE. THE PRESIDING JUDGE IN YOUR CASE MAY REQUIRE AMENDMENT OF A FORM OR SUBSTITUTION OF A DIFFERENT FORM. THE JUDGE IS NOT REQUIRED TO GRANT THE RELIEF REQUESTED IN A FORM. THE PERSONNEL IN THIS SELF-HELP PROGRAM CANNOT TELL YOU WHAT YOUR LEGAL RIGHTS OR REMEDIES ARE, REPRESENT YOU IN COURT, OR TELL YOU HOW TO TESTIFY IN COURT.
SELF-HELP SERVICES ARE AVAILABLE TO ALL PERSONS WHO ARE OR WILL BE PARTIES TO A FAMILY CASE.
THE INFORMATION THAT YOU GIVE TO AND RECEIVE FROM SELF-HELP PERSONNEL IS NOT CONFIDENTIAL AND MAY BE SUBJECT TO DISCLOSURE AT A LATER DATE. IF ANOTHER PERSON INVOLVED IN YOUR CASE SEEKS ASSISTANCE FROM THIS SELF-HELP PROGRAM, THAT PERSON WILL BE GIVEN THE SAME TYPE OF ASSISTANCE THAT YOU RECEIVE.
IN ALL CASES, IT IS BEST TO CONSULT WITH YOUR OWN ATTORNEY, ESPECIALLY IF YOUR CASE PRESENTS SIGNIFICANT ISSUES REGARDING CHILDREN, CHILD SUPPORT, ALIMONY, RETIREMENT OR PENSION BENEFITS, ASSETS, OR LIABILITIES.
_ I CAN READ ENGLISH.
_ I CANNOT READ ENGLISH. THIS NOTICE WAS READ TO ME BY {NAME}_IN {LANGUAGE}_
SIGNATURE
AVISO DE LIMITACION DE SERVICIOS OFRECIDOS
EL PERSONAL DE ESTE PROGRA-MA DE AYUDA PROPIA NO ESTA ACTUANDO COMO SU ABOGADO NI LE ESTA DANDO CONSEJOS LEGALES.
ESTE PERSONAL NO REPRESEN-TA NI LA CORTE NI NINGUN JUEZ. EL JUEZ ASIGNADO A SU CASO PUEDE REQUERIR UN CAMBIO DE ESTA FORMA O UNA FORMA DIFERENTE. EL JUEZ NO ESTA OBLIGADO A CONCEDER LA RE-PARACION QUE USTED PIDE EN ESTA FORMA.
EL PERSONAL DE ESTE PROGRA-MA DE AYUDA PROPIA NO LE PUEDE DECIR CUALES SON SUS DERECHOS NI SOLUCIONES LE-GALES, NO PUEDE REPRESEN-TARLO EN CORTE, NI DECIRLE COMO TESTIFICAR EN CORTE.
SERVICIOS DE AYUDA PROPIA ESTAN DISPONIBLES A TODAS LAS PERSONAS QUE SON O SER-AN PARTES DE UN CASO FAMILIAR.
*332 LA INFORMACION QUE USTED DA Y RECIBE DE ESTE PERSONAL NO ES CONFIDENCIAL Y PUEDE SER DESCUBIERTA MAS ADE-LANTE. SI OTRA PERSONA EN-VUELTA EN SU CASO PIDE AYUDA DE ESTE PROGRAMA, ELLOS RE-CIBIRAN EL MISMO TIPO DE AS-ISTENCIA QUE USTED RECIBE.
EN TODOS LOS CASOS, ES MEJOR CONSULTAR CON SU PROPIO ABOGADO, ESPECIALMENTE SI SU CASO TRATA DE TEMAS RES-PECTO A NINOS, MANTENIMIEN-TO ECONOMICO DE NINOS, MANU-TENCION MATRIMONIAL, RETIRO O BENEFICIOS DE PENSION, AC-TIVOS U OBLIGACIONES.
_ YO PUEDO LEER ESPAÑOL.
_ YO NO PUEDO LEER ESPAÑOL. ESTE AVISO FUE LEIDO A MI POR {NOMBRE}_EN {IDIOMA}_
FIRMA
If information is provided by telephone, the notice of limitation of services provided shall be heard by all callers prior to speaking to self-help staff.
(i) Exemption. Self-help personnel are not required to complete Florida Family Law Rules of Procedure Form 12.900(a), Disclosure From Nonlawyer, as required by rule 10-2.1, Rules Regulating The Florida Bar. The provisions in rule 10-2.1, Rules Regulating The Florida Bar, which require a nonlawyer to include the nonlaw-yer’s name and identifying information on a form if the nonlawyer assisted in the completion of a form, are not applicable to self-help personnel unless the self-help personnel recorded the information on the form as authorized by this rule.
(j) Availability of Services. Self-help programs are available to all self-represented litigants in family law cases.
(k) Cost of Services. Self-help programs, as authorized by statute, may require self-represented litigants to pay the cost of services provided for by this rule, provided that the charge for persons who are indigent is substantially reduced or waived.
(i) Records. All records made or received in connection with the official business of a self-help program are judicial records and access to such records shall be governed by rule Florida Rule of Judicial Administration 2.051, Florida Rules of Judicial Administration.
(m) Domestic Violence Exclusion. Nothing in this rule shall restrict services provided by the clerk of the court or family or domestic/repeat/dating violence intake personnel pursuant to rule 12.610.
Commentary
1998 Adoption. It should be emphasized that the personnel in the self-help programs should not be providing legal advice to self-represented litigants. Self-help personnel should not engage in any activities that constitute the practice of law or inadvertently create an attorney-client relationship. Self-help programs should consistently encourage self-represented litigants to seek legal advice from a licensed attorney. The provisions of this rule only apply to programs established by the chief judge.
Subdivision (b). This rule applies only to assistance offered in family law cases. The types of family law cases included in a family law division may vary based on local rule and it is anticipated that a local rule establishing a self-help program may also exclude types of family law cases from the self-help program. Programs may operate with lawyer personnel, nonlawyer personnel, or a combination thereof.
Subdivision (c)(2). The self-help program is encouraged to cooperate with the *333 local bar to develop a workable system to provide this information. The program may maintain information about members of The Florida Bar who are willing to provide services to self-represented litigants. The program may not show preference for a particular service, program, or attorney.
Subdivision (c)(3). In order to avoid the practice of law, the self-help personnel should not recommend a specific course of action.
Subdivision (c)(5). Self-help personnel should not suggest the specific information to be included in the blanks on the forms. Oral communications between the self-help personnel and the self-represented litigant should be focused on the type of information the form is designed to elicit.
Subdivision (c)(8). Self-help personnel should be familiar with the court rules and the most commonly used statutory provisions. Requests for information beyond these commonly used statutory provisions would require legal research, which is prohibited by subdivision (d)(8).
Subdivision (c)(9). Self-help personnel can have access to the court’s docket and can provide information from the docket to the self-represented litigant.
Subdivision (f). Because an attorney-client relationship is not formed, the information provided by a self-represented litigant is not confidential or privileged.
Subdivision (g). Because an attorney-client relationship is not formed, there is no conflict in providing the limited services authorized under this rule to both parties.
Subdivision (h). It is intended that self-represented litigants who receive services from a self-help program understand that they are not receiving legal services. One purpose of the disclosure is to prevent an attorney-client relationship from being formed. In addition to the signed disclosure, it is recommended that each program post the disclosure in a prominent place in the self-help program. The written disclosure should be available and posted in the languages that are in prevalent use in the county.
Subdivision (i). This provision is to clarify that nonlawyer personnel are not required to use Florida Family Law Rules of Procedure Form 12.900(a) because the information is included in the disclosure required by this rule. Self-help personnel are required to include their name and identifying information on any form on which they record information for a self-represented litigant.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(b), FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)
When should this form be used?
This form should be used when you are involved in a family law case which requires a financial affidavit and your individual gross income is UNDER $50,000 per year.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers. This must be accomplished within 45 days of service of the petition.
*334 Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline ” in these instructions are defined there. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, ^ □ Florida Supreme Court Approved Family Law Form 12.980(i).
The affidavit must be completed using monthly income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.
Hourly — If you are paid by the hour, you may convert your income to monthly as follows:
Hourly — If you are paid by the hour, you may convert your income to monthly as follows:
Hourly amount x Hours worked per week = Weekly amount
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount •*- 12 Months per year = Monthly Amount
Daily — If you are paid by the day, you may convert your income to monthly as follows:
Daily amount x Days worked per week = Weekly amount
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount -s- 12 Months per year = Monthly Amount
Weekly — If you are paid by the week, you may convert your income to monthly as follows:
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount -5- 12 Months per year = Monthly Amount
Bi-weekly — If you are paid every two weeks, you may convert your income to monthly as follows:
Bi-weekly amount x 26 = Yearly amount
Yearly amount -5- 12 Months per year = Monthly Amount
Bi-monthly — If you are paid twice per month, you may convert your income to monthly as follows:
Bi-monthly amount x 2 = Monthly Amount
Expenses may be converted in the same manner.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, % □ Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*335 [[Image here]]
*336 [[Image here]]
*337 [[Image here]]
*338 [[Image here]]
*339 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULE OF PROCEDURE FORM 12.902(c), FAMILY LAW FINANCIAL AFFIDAVIT
When should this form be used?
This form should be used when you are involved in a family law case which requires a financial affidavit and your individual gross income is $50,000 OR MORE per year.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers. This must be accomplished within 45 days of service of the petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline ” in these instructions are defined there. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, ■% □ Florida Supreme Court Approved Family Law Form 12.980(i).
The affidavit must be completed using monthly income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.
Hourly — If you are paid by the hour, you may convert your income to monthly as follows:
Hourly amount x Hours worked per week = Weekly amount
Weekly amount x 52 Weeks per year = Yearly amount
*340 Yearly amount 4- 12 Months per year = Monthly Amount
Daily — If you are paid by the day, you may convert your income to monthly as follows:
Daily amount x Days worked per week = Weekly amount
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount 4- 12 Months per year = Monthly Amount
Weekly — If you are paid by the week, you may convert your income to monthly as follows:
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount 4- 12 Months per year = Monthly Amount
Bi-weekly — If you are paid every two weeks, you may convert your income to monthly as follows:
Bi-weekly amount x 26 = Yearly amount
Yearly amount 4- 12 Months per year = Monthly Amount
Bi-monthly — If you are paid twice per month, you may convert your income to monthly as follows:
Bi-monthly amount x 2 = Monthly Amount
Expenses may be converted in the same manner.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, % □ Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*341 [[Image here]]
*342 [[Image here]]
*343 [[Image here]]
*344 [[Image here]]
*345 [[Image here]]
*346 [[Image here]]
*347 [[Image here]]
*348 [[Image here]]
*349 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(a), NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES
When should this form be used?
You should use this form to tell the court that you are asking the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. The standard family law interrogatories are designed to supplement the information provided in the Financial Affidavit, ^ □ Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should carefully read the standard interrogatory forms, Florida Family Law Rules of Procedure Form 12.930(b) and (c), to determine which questions, if any, the other party needs to answer in order to provide you with information not covered by the financial affidavit forms.
This form should be typed or printed in black ink. You must indicate whether you are sending the interrogatories for original and enforcement proceedings or the interrogatories for modification proceedings. You must also indicate which questions you are asking the other party to answer. After completing this form you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
*350 What should I do next?
A copy of this form, along with two copies of the appropriate interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) or (c), must be mailed or hand delivered to the other party in your case.
You may want to inform the other party of the following information:
As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers may be written on as many separate sheets of paper as necessary. He or she should number each page and indicate which question(s) he or she is answering, and be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do not file the original or a copy with the clerk of the circuit court except as provided in Florida Rule of Civil Procedure 1.340(e).
The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, □ Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*351 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b), STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your ease. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in original proceedings or enforcement proceedings and are meant to supplement the information provided in the Financial Affidavit, % □ Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
*352 This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send 2 copies of this form and the Notice of Service of Standard Family Law Interrogatories, □ Florida Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, ^ □ Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, % □ Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
Special notes ...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do not file the original or a copy with the clerk of the circuit court except as provided in Florida Rule of Civil Procedure 1.340(c). The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, % □ Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*353 [[Image here]]
*354 [[Image here]]
*355 [[Image here]]
*356 [[Image here]]
*357 [[Image here]]
*358 [[Image here]]
*359 [[Image here]]
*360 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(c), STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS
When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in modification proceedings and are meant to supplement the information provided in the Financial Affidavits, % □ Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send two copies of this form and the Notice of Service of Standard Family Law Interrogatories, % □ Florida Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You do not need to file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, % □ Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, □ Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
Special notes ...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional ques *361 tions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do not file the original or a copy with the clerk of the circuit court except as provided by Florida Rule of Civil Procedure 1.340(e). The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, % □ Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*362 [[Image here]]
*363 [[Image here]]
*364 [[Image here]]
*365 [[Image here]]
*366 [[Image here]]
*367 [[Image here]]
*368 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.932, CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE
When should this form be used?
Mandatory disclosure requires each party in a dissolution of marriage case to provide the other party with certain financial information and documents. These documents must be provided by mail or hand delivery to the other party within 45 days of service of the petition for dissolution of marriage or supplemental petition for modification on the respondent The mandatory disclosure rule applies to all original and supplemental dissolution of marriage cases, except simplified dissolution of marriage cases and cases where the respondent is served by constructive service and does not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule. Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. Of the documents listed on this form, the financial affidavit and child support guidelines worksheet are the only documents that must be filed with the court and sent to the other party; all other documents should be sent to the other party but not filed with the court. If your individual gross annual income is under $50,000, you should complete the Family Law Financial Affidavit (Short Form), ^ □ Florida Family Law Rules of Procedure Form 12.902(b). If your individual gross annual income is $50,000 or more, you should complete the Family Law Financial Affidavit, □ Florida Family Law Rules of Procedure Form 12.902(c).
In addition, there are separate mandatory disclosure requirements that apply to temporary financial hearings, which are listed in section 1 of this form. The party *369 seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial hearing. The responding party must either deliver the required documents to the party seeking temporary financial relief on or before 5:00 p.m., 2 business days before the hearing on temporary financial relief, or mail (postmark) them to the party seeking temporary financial relief 7 days before the hearing on temporary financial relief. Any documents that have already been served under the requirements for temporary or initial proceedings, do not need to be re-served again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records. A copy of this form must be mailed or hand delivered to any other party in your case.
What should I do next?
After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status or that make the information already provided inaccurate. You should not file with the clerk any of the documents listed in the certificate of compliance other than the financial affidavit and child support guidelines worksheet. Refer to the instructions regarding the petition in your case to determine how you should proceed after filing this form.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
Special notes ...
You may provide copies of required documents; however, the originals must be produced for inspection if the other party requests to see them.
Although the financial affidavits are based on individual gross income, either party may ask the other party to complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c), by serving the appropriate interrogatory form. (See Standard Family Law Interrogatories, % □ Florida Family Law Rules of Procedure Form 12.930(b) (original proceedings) or (c) (modification proceedings)).
Any portion of the mandatory disclosure rule may be modified by order of the judge or agreement of the parties. Therefore, you and your spouse may agree that you will not require each other to produce the documents required under the mandatory disclosure rule. This exception does not apply to the Financial Affidavit, ^ □ Florida Family Law Rules of Procedure Form 12.902(b) or (c), which is required in all cases and cannot be waived.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, ■% □ Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone num *370 ber on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*371 [[Image here]]

. This committee was created during the 2002 Legislative session. See ch.2002-302, Laws of Fla.; see also In re Report & Recommendations of Judicial Management Council, 832 So.2d 712, 715 (Fla.2002) (discussing the Legislature’s initiative in forming the Study Committee on Public Records).

. See Amendments to Fla. Family Law Forms, 817 So.2d 721, 721 (Fla.2001).